# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00800-CR

**Samuel Taylor, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 3030694, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Samuel Taylor guilty of murder, for which the district court assessed a thirty-year prison term. *See* Tex. Pen. Code Ann. § 19.02 (West 2003). In his only point of error, appellant contends that the evidence is factually insufficient to sustain the guilty verdict, with particular reference to the jury's failure to find that he acted in self-defense. We find the evidence to be sufficient, and will affirm the judgment of conviction.

On April 14, 2003, the deceased, Harold Eugene Owens, Jr., sold appellant some cocaine for $200. Later that day, after deciding that the quality of the drug was not what he had expected, appellant called Owens and demanded a meeting. Owens's friend, Robert Fennell, drove Owens to the house where the meeting was to take place. Fennell testified that Owens entered the house and called out appellant's name. Appellant emerged from a back room and the two men began to argue. According to Fennell, appellant was the aggressor and reached toward Owens. The men

began to exchange punches, striking each other in the face. Owens pushed appellant into a wall with enough force to put a hole in the wall. Fennell testified that appellant began to fumble in his pocket as Owens continued to hit him with his fists. Appellant produced a small pistol and shot Owens.

Steven Nelson also witnessed the altercation. He testified that Owens was angry when he entered the house and called to appellant, "Bring your bitch ass out here." When appellant entered the room, Owens attacked him and the men began to exchange blows. Appellant fell to the floor, reached into his pocket for the pistol, and shot. Although Nelson did not actually see Fennell push appellant, he testified that he thought that Fennell was helping Owens during the fight.

After the shooting, Owens and Fennell ran from the house, followed by appellant. Owens ran across the street and fell in a neighbor's yard. Witnesses described appellant standing over him as Owens pleaded for his life. Appellant left the scene on foot and Owens called out to Fennell for help. Fennell drove Owens to a nearby fire station, where he died soon after arriving.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). When the issue of self-defense was submitted to the jury, we must also determine whether a rational trier of fact could have found against the defendant on that issue, that is, found beyond a reasonable doubt that the defendant's conduct was not justified. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

2

In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

As a general rule, a person is justified in using deadly force in self-defense if he reasonably believes that deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force, and if a reasonable person in his situation would not have retreated. Tex. Pen. Code Ann. § 9.32 (West 2003). A person has the right to defend himself from apparent danger to the same extent as he would if the danger were real. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). Appellant argues he was attacked by two "ruthless drug dealers," thrown against a wall, and knocked to the floor. He also cites evidence that Owens may have been a gang member. Under the circumstances, appellant urges that the great weight of the credible evidence shows that he reasonably believed his life to be in danger and was justified in his use of deadly force.

Whether appellant reasonably believed that the use of deadly force was immediately necessary under the circumstances was a fact issue for the jury. *Id*. Even if we accept as true

Nelson's characterization of Owens as the aggressor and assume that Fennell was lending moral and perhaps physical support to Owens in his struggle with appellant, there is no evidence that either man was armed or that either actually used deadly force against appellant. There is no evidence that appellant sought help from Nelson or any other person who was present, or that appellant attempted to flee from Owens. Considering all of the evidence in the record and applying the standard of review prescribed in *Zuniga*, we hold that the State's evidence of guilt was not so weak and the evidence appellant cites as justification for his conduct was not so strong as to preclude a rational jury from finding beyond a reasonable doubt that appellant's use of deadly force was unjustified.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:  May 25, 2006

Do Not Publish

4